**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| Samuel Callantine<br><br>Plaintiffs,<br><br>v.<br><br>Medicredit, Inc.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE COMMUNICATIONS PROTECTION ACT, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Samuel Callantine ("Mr. Callantine"), is a natural person who resided in Elkhart, Indiana at all times relevant to this action.

2. Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri Corporation that maintained its principal place of business in Missouri at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act

- 1 -

("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because a substantial part of the events giving rise to the claims occurred in this District.

## ALLEGATIONS OF FACT

5. At all times relevant to this action, Medicredit collected consumer debts.

6. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Medicredit's revenue is debt collection.

8. Medicredit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, Medicredit contacted Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

10. The obligation Medicredit was seeking to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Before Medicredit began contacting Plaintiff, it and Plaintiff had no prior business relationship and Plaintiff never provided express consent to Medicredit to be contacted on his cellular telephone.

13. Within the past twelve (12) months, Medicredit called Plaintiff on multiple occasions in connection with the collection of a debt.

14. On several occasions, the dates of which will be discovered through discovery, Medicredit used an automatic telephone dialing system (ATDS) to call Plaintiff on his cellular phone multiple times in violation of the TCPA.

15. Medicredit used a predictive dialer system to call Plaintiff. See *Prater v. Medicredit*, 45 F.Supp.3d 1038 (2014 E.D. Mo.).

16. Plaintiff communicated his desire that Medicredit cease calling him.

17. On one occasion Mr. Callantine explained he was going into surgery; he was on medical leave; that he did not have any extra income and can not pay Medicredit anything; and that Medicredit should stop calling.

18. Notwithstanding these communications, Medicredit continued to call each Plaintiff in connection with the collection of a debt until at least January 16, 2015.

19. Medicredit's agents have the ability to immediately stop further calls to consumers, but the policy of Medicredit is to allow its predictive dialer to continue calling a consumer following a "cease calling" request until a future date.

## APPLICABLE LAW

20. Section 1692d of the FDCPA provides, in part:

    > A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    *See* 15 U.S.C. §1692d.

21. Where a consumer has communicated his desire that a debt collector stop calling, and the debt collector nevertheless continues to call the consumer, the volume and pattern of the calls may evidence intent to harass in violation of Section 1692d. *See Majeski v. I.C. Sys., Inc.*, 2010 U.S. Dist. LEXIS 1830, *5-7 (N.D. Ill. Jan. 8, 2010).

22. Section 1692f of the FDCPA provides, in part:

    > A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

    *See* 15 U.S.C. §1692f.

23. Where a question exists as to whether a debt collector's alleged misconduct violates Section 1692f or some other section of the FDCPA, the prudent course at the pre-trial stage is to allow the consumer to pursue claims under both sections. *See Davis v. Diversified Consultants, Inc.*, 2014 U.S. Dist. LEXIS 87867, *25 (D. Mass. June 27, 2014); *citing Rush v. Portfolio Recovery Associates, LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013).

24. Medicredit's maintenance of policies and practices, which in themselves violate the FDCPA, are further evidence of Medicredit's intent to harass. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 2009 U.S. Dist. LEXIS 32369 (D. N.M. Mar. 16, 2009) (debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA); s*ee also Kromelbein v. Envision Payment Solutions, Inc.*, 2013 U.S. Dist. LEXIS 107762, *18 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee.  If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights.").

25. The TCPA provides, in part:

> (b)  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

26. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014).

27. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

28. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

29. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

30. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

31. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

## *COUNT ONE*

**Violation of the Fair Debt Collection Practices Act**

32. In 2014, Medicredit began calling Mr. Callantine on his cellular phone in an attempt to collect a debt.

33. Mr. Callantine communicated his desire that Medicredit cease calling him.

34. Notwithstanding this communication, Medicredit continued to call him multiple times on his cellular phone in connection with the collection of a debt within the last twelve months.

35. Medicredit continued to call him resulting in harassment and abuse.

36. Medicredit caused Mr. Callantine emotional distress.

37. Medicredit violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse him in connection with the collection of the debt.

38. Medicredit violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## *COUNT TWO*

### Violation of the Telephone Communication Protection Act

39. Mr. Callantine was the "called party" within the meaning of Section 227(b)(1)(A) of the TCPA.

40. Medicredit violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Callantine's cellular telephone using an ATDS without his prior express consent.

41. Medicredit voluntarily placed telephone calls to his cellular telephone using an ATDS.

42. Medicredit willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Mr. Callantine's cellular telephone using an ATDS without his prior express consent or after such consent had been revoked.

### PRAYER FOR RELIEF

Plaintiff, Samuel Callantine, prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. An order enjoining Defendant from placing further telephone calls to this Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,
        Hyslip & Taylor, LLC, LPA


        By: /s/ David M. Menditto
           One of Plaintiff's Attorneys

David M. Menditto
Hyslip & Taylor LLC LPA
1100 W. Cermak St. Suite B410
Chicago, IL 60608
(312) 508-5480
DavidM@fairdebt411.com